# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| SHANTANU JHA, | * | |
| Plaintiff | * | |
| v. | * | Civil Action No. 8:18-cv-00364-PX |
| XCUBE RESEARCH AND DEVELOPMENT, INC., et al., | * | |
| | * | |
| Defendants | | |

\*\*\*

## **MEMORANDUM OPINION**

On February 6, 2018, Plaintiff filed this civil action against Defendant XCube Research and Development, Inc. ("XCube") and other individual Defendants. ECF No. 1. Plaintiff amended the Complaint on February 20, 2018, and then "supplemented" the Amended Complaint on March 5, 2018. ECF Nos. 3, 6. After voluntarily dismissing the cases against the individual Defendants, Plaintiff successfully moved to amend the complaint again. ECF No.15. Plaintiff now proposes a third Amended Complaint to add Mikael Taveniku, XCube's "principal agent," as a defendant. ECF No. 28.

Also pending before the Court is Plaintiff's third motion for a temporary restraining order and preliminary injunction. ECF No. 25. Plaintiff's first motion for a temporary restraining order ("TRO") was denied for failure to provide notice or explain why notice should not be required. ECF No. 7 at 3. Plaintiff's second motion for injunctive relief was denied because Plaintiff failed to sustain his burden of demonstrating that the equities justified wholesale restraint of XCube's assets or that such requested relief was in the public interest. ECF No. 14 at 3. As to Plaintiff's requested injunction to prevent XCube from "destroying evidence," the Court denied the motion for failure to demonstrate that such harm was actual or imminent. *Id.*

at 3–4.

Plaintiff has also moved for default judgment against XCube (ECF No. 20), summary judgment against XCube on one count (ECF No. 23), and exclusion of evidence at trial. ECF No. 27. The Court now addresses each of these motions.

I. **Motion for Default Judgment**

Plaintiff's Motion for Default Judgment (ECF No. 20) is procedurally premature.[1] Rule 55 of the Federal Rules of Civil Procedure establishes a two-step process to obtain a default judgment. The first step is that the party must seek clerk's entry of default pursuant to Rule 55(a). After the Clerk has entered default, the party may then seek entry of default judgment pursuant to Rule 55(b). *Wilson v. Turner*, No. ELH-13-3497, 2014 WL 4426126, at *1 (D. Md. Sept. 2, 2014). Because the clerk's entry of default in this case has not been entered, default judgment under Rule 55(b) must be denied.

Clerk's entry of default under Rule 55(a), however, is appropriate. XCube has failed to answer the complaint pending against it. Instead, Taveniku, *pro se*, sought additional time to retain counsel on behalf of XCube, which the Court granted. The Court warned XCube, however, that XCube, as a corporation, must be represented by counsel and only filings submitted through counsel will be considered. ECF No. 18 at 1 n.1. Although XCube was granted until June 8, 2018 to retain counsel, no counsel has entered an appearance on behalf of the corporation. Accordingly, XCube has failed to plead or otherwise defend this action, and so clerk's entry of default under Rule 55(a) is appropriate. *See Allied Colloids, Inc. v. Jadair, Inc.*, No. 96-2078, 139 F.3d 887 (Table), 1998 WL 112719, at *1 (4th Cir. Mar. 16, 1998). The Court directs the clerk to enter default under Rule 55(a).[2] The Court also strikes Taveniku's *pro se*

---
[1] Likewise, Plaintiff's alternative request that summary judgment be entered in his favor (ECF No. 23) is premature.
[2] A Clerk's entry of default against XCube under Rule 55(a) does not affect Plaintiff's ability to amend the

pleadings filed on behalf of XCube (ECF Nos. 19, 21).

## II. Third Motion for TRO and Preliminary Injunction

Mindful that Plaintiff's *third* motion for a TRO and preliminary injunction (ECF No. 25) is governed by the factors set forth in *Winter v. Natural Resources Defense. Council, Inc.*, 555 U.S. 7, 20 (2008), and "may only be awarded upon a clear showing that the plaintiff is entitled to such relief," *id.* at 22, the motion once again must be denied. Plaintiff's recent motion is almost identical to his previous requests for injunctive relief. In fact, the most recent motion differs in only two minor respects: Plaintiff currently asks the Court to enjoin XCube from "destroying, disposing of, *maliciously altering, or transacting to remove from its possession any of XCube's remaining assets and property, including any intellectual property or trade secrets*" instead of simply "destroying, disposing of, or *operating its assets*." ECF No. 25 at 1; ECF No. 13 at 1. Plaintiff also adds the conclusory allegation that "if Defendant sells its primary remaining assets, Plaintiff will have no adequate remedy at law." ECF No. 25 ¶16.

However, the fundamental deficiencies in Plaintiff's requested relief have remained unchanged. Once again, Plaintiff seeks wholesale restraint of all XCube's assets without regard for how such relief would effectively cripple the corporation. *See Asset*, *Black's Law Dictionary* (10th ed. 2014) (defining asset as "[t]he entries on a balance sheet showing the items of property owned, including cash, inventory, equipment, real estate, accounts receivable, and goodwill"). Accordingly, as to the third *Winter* factor—balance of equities—Plaintiff cannot demonstrate that the it is equitable to restrain *ex parte* all corporate assets. Nor do the equities tilt in Plaintiff's favor based on the mere assertion that *if* Plaintiff were to prevail at trial, XCube will

---

Complaint, consistent with the Court's guidance below. However, if Plaintiff amends his Complaint to add new claims, he must serve the Amended Complaint against the defaulting party in a manner prescribed by Rule 4 of the Federal Rules of Civil Procedure. *See G&G Closed Circuit Events, LLC v. Castro & Cedillos, Inc.*, No. DKC 11-3274, 2012 WL 748577, at *1 (D. Md. Mar. 6, 2012).

have no assets to satisfy a money judgment. In this respect, Plaintiff has not convinced this Court that he is likely to succeed on the merits of his claims and that, if successful, monetary relief does not afford Plaintiff an adequate remedy. In short, Plaintiff has failed to sustain his burden to justify the extraordinary pretrial restraint he seeks.

Likewise, Plaintiff's request to enjoin XCube from "destroying evidence" is once again denied. Plaintiff still fails to specify any other evidence in Defendant's possession that may be destroyed if the Court denies injunctive relief. ECF No. 7 at 4. Rather, Plaintiff baldly asserts such a remedy is needed without even attempting to address any of the *Winter* factors. Plaintiff has not sustained his burden, and thus the Court denies the motion.

### III. Motion *In Limine* to Exclude Evidence at Trial

Plaintiff's motion *in limine* to exclude evidence at trial (ECF No. 27) is premature. The parties have not yet begun discovery, which commences only after this Court issues a scheduling order. *See* Local Rule 104.4 (D. Md. 2016), http://www.mdd.uscourts.gov/local-rules. A motion *in limine* to exclude evidence at trial is timely filed only *after* discovery is closed, dispositive motions on the merits have been decided, and surviving claims are set for trial. If that day ever comes, the Court will set a briefing deadline for *in limine* motions. Until such deadline is set by the Court, *no motion* in limine *will be accepted*. Plaintiff is forewarned that any future similar motions will be summarily dismissed without further notice. Accordingly, Plaintiff's motion at ECF No. 27 is denied without prejudice to refile at the appropriate time.

### IV. Motion to Join Defendant and Amend Complaint

Plaintiff's Motion to Join Defendant and Amend Complaint (ECF No. 28) is denied without prejudice to file a new proposed Amended Complaint consistent with this decision. A Plaintiff may amend the complaint only once without leave of court. Fed. R. Civ. P. 15(a).

Thereafter, courts "should freely give leave when justice so requires." *Id.*

As an initial matter, the Court notes that Plaintiff has submitted confusing, and at times convoluted, amendments and supplements to his original Complaint. For example, in response to this Court's invitation to amend the operative Complaint to establish personal jurisdiction, Plaintiff filed a "supplement" to the Complaint as a standalone document rather than amend the Complaint consistent with the federal and local rules. ECF No. 6. Plaintiff thereafter amended the Complaint and did not incorporate his "supplement." ECF No. 15. When the Second Amended Complaint superseded all prior pleadings, it "render[ed] the original pleading of no effect.'" *White v. Turner*, 671 F. App'x 162, 163 (4th Cir. 2016). The practical consequence is that the supplement is no longer part of the operative complaint. In short, all such critical components of a complaint must be included in *one document*.

Accordingly, while the case is still in its infancy, the Court takes this opportunity to order that Plaintiff submit any proposed third Amended Complaint in a form that complies with the Federal Rules of Civil Procedure and our Local Rules. Plaintiff is first and foremost reminded that his proposed Amended Complaint must conform to Rule 8 in that it must include a "short and plain statement of the grounds for the court's jurisdiction" over the claims against both XCube and Taveniku. *See* Fed. R. Civ. P. 8(a)(1).

The proposed Amended Complaint must also include a short and plain statement reflecting why this Court retains personal jurisdiction over XCube and Taveniku. Plaintiff cannot rely on his "supplement" at ECF No. 6. He must integrate all such relevant information into one document as to both XCube and Taveniku. The proposed Amended Complaint must also include a short and plain statement explaining why venue over the claims against XCube and Taveniku is appropriate in the District of Maryland.

Additionally, Plaintiff must separate each of his causes of action (commonly referred to as "counts") into distinct sections. *See* Fed. R. Civ. P. 10(b) ("If doing so would promote clarity, each claim founded on a separate transaction or occurrence—and each defense other than a denial—must be stated in a separate count or defense."). The proposed third Amended Complaint, like previous versions, currently recites a string of claims—"defamation per se, breach of contract, issuance of false 1099 amounting to harassment, intentional infliction of emotional distress, negligent infliction of emotional distress, negligent destruction of value"—without any attempt to demonstrate how each cause of action lies against the Defendant. Plaintiff should separate his claims into separate counts, each of which must include a "simple, concise, and direct" statement of the grounds supporting each specific count. *See* Fed. R. Civ. P. 8(d)(1). Plaintiff must also include a clear "demand for the relief sought," related in some fashion to the counts as pleaded. Fed. R. Civ. P. 8(a)(3).

The Court includes as guidance a form, "Complaint in a Civil Action," which outlines the information essential to include in the proposed Amended Complaint. *See Self-Represented Forms*, United States District Court for the District of Maryland, http://www.mdd.uscourts.gov/forms/all-forms/self_rep (last visited Sept. 20, 2018). Plaintiff may also wish to consult *Filing Without an Attorney*, found at the Court's webpage, http://www.mdd.uscourts.gov/filing-without-attorney (last visited Sept. 20, 2018).

The Court grants Plaintiff 28 days to file a new proposed Amended Complaint in compliance with the above, in both clean and redline format. Failure to submit future Amended Complaints consistent with this Memorandum and Order may result in dismissal of any or all claims without prejudice or further notice from the Court.

## V. Conclusion

For the foregoing reasons, Plaintiff's motions for default judgment, summary judgment, injunctive relief, exclusion of evidence, and to amend the complaint (ECF Nos. 20, 23, 25, 27, 28) are denied; Taveniku's *pro se* filings on behalf of XCube (ECF Nos. 19, 21) are stricken; and a clerk's entry of default under Rule 55(a) is to be entered against XCube. A separate order follows.

Dated: September 20, 2018                             /S/
                                                                        Paula Xinis
                                                                        United States District Judge